**Not For Publication**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEXINGTON LUMINANCE LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BULBRITE INDUSTRIES, INC.,<br><br>*Defendant.* | Civil Action No. 22-cv-3787<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

In this action, Plaintiff Lexington Luminance LLC ("Lexington") alleges that Defendant Bulbrite Industries, Inc. ("Bulbrite") engaged in direct, induced, and willful infringement of a patent for light-emitting diode ("LED") technology. Currently pending before the Court is Bulbrite's motion to dismiss Lexington's First Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 23. The Court has reviewed the parties' submissions in support and in opposition and has decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, the motion to dismiss is granted.

I.   **BACKGROUND**[1]

For present purposes, the Court does not retrace the full factual or procedural background of this case. The Court has already provided a fulsome background in a prior opinion granting Bulbrite's motion to dismiss Lexington's Complaint. D.E. 17. To the extent relevant, the Court incorporates the factual history, procedural history, and legal standards from that opinion.

Lexington is a Massachusetts limited liability company that owns United States Patent No. 6,936,851 B2 (the "'851 Patent"). FAC ¶¶ 1, 7. Bulbrite is a New Jersey corporation that allegedly infringed the '851 Patent. *Id.* ¶¶ 2, 11. Entitled "Semiconductor Light-Emitting Device and Method for Manufacturing the Same," the '851 Patent teaches a method to decrease particular defects in the manufacture of LEDs. D.E. 22-1 at 2. Specifically, claim 1 teaches "an active layer disposed on [the] first layer" (the "Dispositional Limitation"), "whereby [the] plurality of inclined lower portions are configured to guide extended defects away from propagating into the active layer" (the "Guiding Limitation"). *Id.* at 18. In this case, Lexington alleges that Bulbrite manufactured and marketed light bulbs with LEDs that infringed the '851 Patent, including claim 1. FAC ¶¶ 12–22.

On January 10, 2023, the Court granted Bulbrite's motion to dismiss Lexington's Complaint for failure to state a claim. D.E. 18. As an initial matter, the Court found that more

---

[1] The factual background is drawn from the FAC, D.E. 22. In evaluating the sufficiency of a complaint under Rule 12(b)(6), a district court must accept all well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A district court may also consider any document integral to or relied upon in a complaint and take judicial notice of any public records, including patent prosecution histories. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*, 72 F. Supp. 3d 521, 526 (D. Del. 2014), *aff'd sub nom. Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369 (Fed. Cir. 2016) (citations omitted) ("A court may also take judicial notice of the prosecution histories, which are public records.").

detailed allegations were necessary because the technology was "complex" and the Dispositional and Guiding Limitations were "material."  D.E. 17 at 10.  Ultimately, the Court found that Lexington's allegations were insufficient to show an active layer disposed on the first layer, *id.*, or that the inclined lower portions were configured to guide extended lattice defects away from propagating into the active layer of Bulbrite light bulbs, *id.* at 12.  The Court explained that the Complaint merely cited "a 20-year-old article" regarding the presence of active layers, *id.* at 10, and that the Complaint otherwise included an image of inclined lower portions "without pleading facts sufficient to infer the claimed guiding function," *id.* at 12.  Moreover, the Court concluded that without a claim for direct infringement, the claims for induced infringement and willful infringement also failed.  *Id.* at 13–14.

On February 22, 2023, Lexington amended its Complaint by filing the FAC.  Whereas the Complaint provided fifteen examples of Bulbrite light bulbs that allegedly infringed the '851 Patent, D.E. 1 ¶ 12, D.E. 1-3–1-16, the FAC provided only one exemplar, namely the Bulbrite 776897 G40 8.5W LED 27000K (the "897 Light Bulb"), FAC ¶¶ 12-22.[2]  The FAC provided more detail than the Complaint with respect to the Dispositional and Guiding Limitations on the 897 Light Bulb; the Complaint only included a 2002 article from D. Steigerwald regarding the presence of active layers and an SEM image that pointed to inclined lower portions, D.E. 1-16 at 19–21, but the FAC also included SEM images that pointed to the active layer, the first layer, and "Etch pits," as well as a 1998 article from M. Iwaya regarding the presence of "dislocations," FAC ¶ 22.

---

[2] Both the Complaint and the FAC stated that the examples provided were only exemplars that "should not be construed as limiting."  D.E. 1 ¶ 12; D.E. 22 ¶¶ 12, 23.





M. iwaya et al, Jpn. J. Appl. Phys. Vol. 37 (1998) pp. L316-L318. ("GaN films grown on sapphire with a low-temperature-deposited buffer layer contain large amounts of dislocations of the order of $10^8$ cm$^{-2}$ to $10^{10}$ cm$^{-2}$, which might affect the performances of nitride based devices.")

FAC ¶ 22.

On March 8, 2023, Bulbrite filed the present motion to dismiss Lexington's FAC, D.E. 23, along with a brief in support of the motion, D.E. 23-1 ("Br."). On March 20, Lexington filed an opposition, D.E. 24 ("Opp."), and on April 3, Bulbrite filed a reply, D.E. 25 ("Reply").

### II.  LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint under Rule 12(b)(6), a district court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in a light most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss a complaint for failure to state a claim. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 456 (3d Cir. 2006).

The Court has held that "the *Iqbal/Twombly* plausibility standard applies to complaints alleging direct patent infringement" that are challenged in motions to dismiss. *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1011 (D.N.J. 2016).  As always, "[t]he relevant inquiry under *Iqbal*/*Twombly* is whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief," but "[t]he level of detail required in any given case

5

will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).[3]

### III. ANALYSIS

Before turning to its analysis, the Court makes a few preliminary observations about the FAC, which is—to say the least—unusual. The FAC opens with what can best be characterized as a procedural history in an unnumbered paragraph. FAC at 1. And despite not making a motion for reconsideration in response to the Court's prior decision on Defendant's motion to dismiss, Plaintiff "maintains that the pleadings in its original complaint were adequate." *Id.*

Stylistically, the FAC uses screenshots and block quotes with numerous different fonts and sizes, and certain paragraphs are extremely difficult to understand. For example, one paragraph covers three pages and contains a factual allegation, an illustration, an apparent block quote from a 2002 article (which ends mid-sentence without explanation), two other illustrations, additional factual allegations, yet another illustration, and a citation to a 1998 article. FAC ¶ 22. This mishmash of information and graphics not only violates the Federal Rules of Civil Procedure, Fed. R. Civ. P. 10(b), but also places an undue burden on the reader. Likewise, Plaintiff should not use abbreviations of technical terms without including the full name of the term and a brief explanation of the nature and relevance of the technology, *see, e.g.*, FAC ¶¶ 19, 20 (referring to "SEM" and "EDX"), and Plaintiff should not plead that it will serve infringement contentions, *see id.* ¶ 12.

---

[3] This is the same standard that the Court applied in its prior opinion. D.E. 17 at 6-7. As a result, Plaintiff's reliance on *Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), Opp. at 7, is misplaced. Unlike the current matter, *Disc Disease* involved "a simple technology." 888 F.3d 1260.

6

Plaintiff is cautioned to follow not only the Federal Rules of Civil Procedure, but also the general rules of good legal writing.

Substantively, it is entirely unclear to the Court which of Defendant's product allegedly infringed. As noted, the FAC references only one specific product—the 897 Light Bulb. However, Plaintiff refers to Defendant's products collectively as the "Accused Products," *see, e.g.*, *id.* ¶ 11, without identifying the specific products included in that category.

To state a claim for direct infringement, "a complaint must [(1)] name the accused product; (2) in each count, describe the alleged infringement; and (3) identify how the accused product infringed on every element of at least one claim in each of the plaintiff's patents." *Miller Indus. Towing Equip. Inc. v. NRC Indus.*, 582 F. Supp. 3d 199, 203 (D.N.J. 2022). In other words, "a plaintiff must list the defendant's products that allegedly infringe, describe the alleged infringement, and relate factual assertions to the pertinent claims in its patent." *Batinkoff v. Church & Dwight Co., Inc.*, 2020 WL 1527957, at *15 (D.N.J. Mar. 31, 2020) (citations omitted).

The FAC has a number of shortcomings. Most prominently, the FAC singles out the 897 Light Bulb and describes the alleged infringement, but it does not identify how the accused product infringes on every element of at least one claim of the '851 Patent, including the Dispositional Limitation. Although the FAC contains new images, the Court agrees with Defendant that Plaintiff never asserts its numerous images are taken from the same product. Reply at 3. And Plaintiff's representation that it "understands that the images are from the same LED[,]" Opp. at 9, is insufficient because (1) the FAC cannot be amended through briefing, and (2) an understanding is different that an assertion, particularly when the understanding stems from a third-party lab (hired by Plaintiff). Similarly, the FAC references Accused Products and "exemplars of Defendant's products," *id.* ¶ 23, but it does not name or list any specific products other than the 897 Light Bulb.

Therefore, the FAC does not adequately allege direct infringement as to the Accused Products, including the 897 Light Bulb. *See Miller*, 582 F. Supp. 3d at 203; *Batinkoff*, 2020 WL 1527957, at *15.

Plaintiff also fails to address apparently inconsistent positions in the FAC as compared to the inter partes review ("IPR") of the '851 Patent. During the IPR, U.S. Patent No. 6,870,191, referred to as "Niki," was a focus of analysis as to the Guiding Limitation. Plaintiff successfully asserted in the IPR proceedings that Niki did not teach the limitation, which Plaintiff described as a functional claim. D.E. 23-12 at 3-5. But in the FAC, Plaintiff does not plead facts demonstrating that the claimed function is performed. Relatedly, in the IPR proceedings, Plaintiff indicated that "the *extended lattice defects* in the claimed '851 patent are misfit dislocation defects emanating from the substrate surface" and that "[t]hese defects are *one-dimensional* line defects caused by mismatch of the crystal lattice between a layer and substrate." D.E. 23-14 at 60 ¶ 102 (second emphasis added). Plaintiff then distinguished Niki by arguing, among other things, that Niki teaches how to avoid "three-dimensional defects, such as pits, which is a different category of defects all together." *Id.* at 61 ¶ 103. However, as noted, the FAC points to etch pits as evidence of the alleged infringement.

Because it fails to sufficiently plead direct infringement, Plaintiff also fails to sufficiently plead induced or willful infringement.[4]

## IV. Conclusion

For the reasons set forth above, Bulbrite's motion to dismiss Lexington's FAC is granted. Plaintiff is granted one additional opportunity to cure the defects noted herein. If Plaintiff does

---

[4] Defendant asserts that the FAC suffers from numerous other defects. However, because the Court granting the motion for the reasons stated above, it does not reach those arguments.

not file an amended pleading within thirty (30) days, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: September 5, 2023

_____
John Michael Vazquez, U.S.D.J.

9